**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| FARES KOUSIRY,<br><br>Plaintiff,<br><br>v.<br><br>HUMANA INC.,<br><br>Defendant. | Case No. 6:25-cv-01663-JSS-DCI |

# DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Humana Inc. ("Humana"), by and through its attorneys, hereby submits its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint (the "Complaint") as follows:

## INTRODUCTION[1]

**COMPLAINT ¶ 1:**

Defendant Humana, Inc. has a documented pattern of making prerecorded calls to non-Humana customers without consent. Humana has made such illegal calls to hundreds of thousands of consumers. Humana knows that its practices and internal policies are at odds with the Telephone Consumer Protection Act ("TCPA"), yet the prerecorded spam calls continue.

[1] Humana denies any and all factual assertions, inferences, and/or arguments contained in or deriving from the headings or subheadings in Plaintiff's Complaint.

**ANSWER:**

Humana denies the allegations in Paragraph 1 and denies any liability under the TCPA.

**COMPLAINT ¶ 2:**

Humana knowingly makes thousands of prerecorded calls without consent to wrong numbers and non-customers, despite knowing the phone numbers are wrong and often after being asked to stop calling.

**ANSWER:**

Humana denies the allegations in Paragraph 2.

**COMPLAINT ¶ 3:**

Humana's internal policies are in direct conflict with TCPA compliance and instead encourage Humana's continued and repeated violations. For example, even if Humana knows that a phone number is a wrong number and does not belong to a Humana customer, Humana's policies dictate that it continue calling the wrong number using a prerecorded voice.

**ANSWER:**

Humana denies the allegations in Paragraph 3 and denies any liability under the TCPA.

**COMPLAINT ¶ 4:**

Humana has called 407-396-0518—Plaintiff Fares Kousiry's cell phone number—at least 37 times.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

**COMPLAINT ¶ 5:**

On at least 13 of these calls, Humana played a recorded message or audio file.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

**COMPLAINT ¶ 6:**

Humana made these 13 calls to Kousiry after he had already told Humana multiple times that it had the wrong number and to stop calling.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

**COMPLAINT ¶ 7:**

Kousiry is not a Humana customer and has no account with Humana.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

**COMPLAINT ¶ 8:**

Humana has made prerecorded calls to thousands of others like Kousiry, in which the calls are to the wrong person and Humana has been told to stop calling.

**ANSWER:**

Humana denies the allegations in Paragraph 8.

**COMPLAINT ¶ 9:**

Humana's calls are a harassment, nuisance, annoyance, and invasion of privacy to Kousiry and others like him.

**ANSWER:**

Humana denies the allegations in Paragraph 9.

**COMPLAINT ¶ 10:**

Humana's TCPA violations are knowing and willful. Humana knows that making prerecorded calls to non-customers and without consent constitute invasions of people's privacy and violate the TCPA. Humana's policies support continued and repeated violations of the TCPA.

**ANSWER:**

Humana denies the allegations in Paragraph 10 and denies any liability under the TCPA.

**COMPLAINT ¶ 11:**

Due to Humana's continuing violations of the law, Kousiry brings this action for himself and for other similarly situated people in the United States for damages.

**ANSWER:**

Humana admits only that Plaintiff's Complaint alleges violations of the TCPA and seeks damages. Humana denies the remaining allegations in Paragraph 11, denies any liability under the TCPA, and denies that this case is appropriate for Class Treatment and denies that there are any similarly situated Class members to meet the requirements of certification under Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

**COMPLAINT ¶ 12:**

This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C § 227, which is a federal statute.

**ANSWER:**

Paragraph 12 calls for legal conclusions, to which no answer is required. To the extent a response is required, Humana admits only that Plaintiff's Complaint alleges violations of the TCPA, 47 U.S.C. § 227, which is a federal statute.

**COMPLAINT ¶ 13:**

This Court has personal jurisdiction over Defendant Humana because it conducts business transactions in this District, has targeted residents in this District, and has committed tortious acts in/from this District. For example, Humana targeted residents of this District with its illegal call campaign by knowingly calling their telephone numbers without their consent, and the numbers have area codes associated with counties in this District.

**ANSWER:**

Paragraph 13 calls for legal conclusions, to which no answer is required. To the extent a response is required, Humana admits only that it conducts certain business in this District. Humana denies the remaining allegations in Paragraph 13.

**COMPLAINT ¶ 14:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit and the wrongful conduct occurred in this District.

**ANSWER:**

Paragraph 14 calls for legal conclusions, to which no answer is required. To the extent a response is required, Humana denies that venue is proper in the United States District Court for the Middle District of Florida and denies that it engaged in any "wrongful conduct."

## PARTIES

**COMPLAINT ¶ 15:**

Kousiry is a resident of Kissimmee, Florida.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

**COMPLAINT ¶ 16:**

Defendant Humana, Inc. is a Delaware Corporation with its principal place of business in Kentucky. Humana is registered to conduct business in the state of Florida.

**ANSWER:**

Humana admits the allegations in Paragraph 16.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶ 17:**

Kousiry is the subscriber of the cell phone number 407-396-0518. He has been the subscriber of 407-396-0518 for more than twenty years. Kousiry uses this number for personal use. He uses it at home and wherever he goes. The number is paid for by Kousiry, and he is the sole user of the number.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

**COMPLAINT ¶ 18:**

Kousiry is not now, and never has been, a customer or member of Humana.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

**COMPLAINT ¶ 19:**

Kousiry has never provided his phone number to Humana for any purpose, never had a relationship with Humana, and never gave permission for Humana to send any type of communication to his telephone number.

**ANSWER:**

Humana denies the allegations in Paragraph 19.

**COMPLAINT ¶ 20:**

Kousiry does not have and has never had Medicare coverage.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

**COMPLAINT ¶ 21:**

Kousiry personally registered his number 407-396-0518 on the National Do Not Call Registry on February 12, 2024 to stop unwanted and unsolicited calls.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

**COMPLAINT ¶ 22:**

In 2025, Humana made at least 13 calls to 407-396-0518 in which Humana played a recorded message or audio file.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

**COMPLAINT ¶ 23:**

Humana made these 13 calls on May 13, 14, 20, 22, 28, and 29; June 3, 17, 24, 25, and 27; and July 1 and 3.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

**COMPLAINT ¶ 24:**

On all 13 calls, the recorded message or audio file that Humana played had the exact same length, intonation, pauses, and voice, and said the exact same thing:

> Hi, I'm calling from Humana Care Management. We're trying to get in touch with you to complete a requirement of your Medicare plan. You can complete this online by going to Humana.com/survey or please call us back at 1-866-868-5092 or TTY711 Monday through Friday from 9.30 a.m. to 5.15 p.m. Eastern Standard Time. We will try to reach you again soon.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

**COMPLAINT ¶ 25:**

This transcription is from a recorded message or audio file that Humana plays, or causes to be played, on calls.

**ANSWER:**

Humana admits only that, Humana, as necessary, leaves telephone messages as part of its services to members and, as applicable, in furtherance of laws and regulations governing the administration of Medicare and Medicaid coverage. Humana denies that any such messages violate the TCPA or any other law. Humana lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations that he received any recorded message or audio file from Humana.

**COMPLAINT ¶ 26:**

Humana made all 13 calls from 866-868-5092.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

**COMPLAINT ¶ 27:**

The number 866-868-5092 is used by Humana.

**ANSWER:**

Humana admits only that the number 866-868-5092 has been used by Humana as part of its services to members. Humana denies that any call made from the number 866-868-5092 violates the TCPA or any other law.

**COMPLAINT ¶ 28:**

Between May 2, 2025 to May 8, 2025, Humana called and spoke with Kousiry multiple times. On these calls, Kousiry told Humana it was calling the wrong person and to stop calling. Despite this, Humana continued to call Kousiry.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

**COMPLAINT ¶ 29:**

Humana continues to make tens of thousands of prerecorded calls to other non-customers of Humana, none of whom consented to receive the calls.

**ANSWER:**

Humana denies the allegations in Paragraph 29.

**COMPLAINT ¶ 30:**

Humana's calls to Kousiry did not have an emergency purpose.

**ANSWER:**

Humana denies the allegations in Paragraph 30.

**COMPLAINT ¶ 31:**

Humana has a database(s) that documents and logs the results of all calls.

**ANSWER:**

Humana admits only that it maintains certain databases to log and monitor communications with its members, including databases to ensure compliance with the TCPA and its implementing regulations. To the extent the allegations in Paragraph 31 are not consistent with this answer, Humana denies.

**COMPLAINT ¶ 32:**

Humana also has a database(s) that stores notes and additional information from Humana employees relating to the calls. These notes include information regarding wrong numbers and non-customers called, as well as stop requests.

**ANSWER:**

Humana admits only that it maintains certain databases to log and monitor communications with its members, including databases to ensure compliance with the TCPA and its implementing regulations, and that some databases allow users to input notes, including the substance of the communication.. To the extent the allegations in Paragraph 32 are not consistent with this statement, Humana denies.

**COMPLAINT ¶ 33:**

For years, consumers have complained about Humana’s illegal calling practices. Such complaints are well documented and publicly available online and on PACER.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33. Humana denies that it has engaged in any "illegal calling practices" and denies any liability under the TCPA.

**COMPLAINT ¶ 34:**

Humana's calls have annoyed and invaded the privacy of Kousiry and the class members, intruded upon their seclusion, and negatively impacted their enjoyment and use of their phones.

**ANSWER:**

Humana denies the allegations in Paragraph 34. Humana further denies that there are any similarly situated Class members to meet the requirements of certification under Rule 23 of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

**COMPLAINT ¶ 35:**

Prerecorded Calls. Under the TCPA, an automatic, artificial, or prerecorded voice call to a cellular telephone service is unlawful other than a call' made for emergency purposes or made with the prior express consent of the called party. TCPA, 47 U.S.C. § 227(b)(l)(A); *see Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021).

**ANSWER:**

Paragraph 35 calls for a legal conclusion to which no response is required from Humana. Humana admits only that Paragraph 35 states, in part, the cited section of the TCPA. Answering further, Humana denies any liability under the TCPA.

## CLASS ACTION ALLEGATIONS

**COMPLAINT ¶ 36:**

Pursuant to Federal Rules of Civil Procedure 23(b)(3), Kousiry brings this action on behalf of himself, and a class of persons similarly situated.

**ANSWER:**

Humana admits only that Plaintiff brings a putative class action. Humana denies the remaining allegations in Paragraph 36 and expressly denies that there are any similarly situated Class members, that Plaintiff is an appropriate class representative or that class certification is appropriate.

**COMPLAINT ¶ 37:**

Kousiry proposes the following class:

> **The Prerecorded Voice Class.** All persons in the United States (1) to whom Humana initiated, or caused to be initiated, a call (2) directed to telephone number assigned to a cellular telephone service, but not assigned to a customer or account holder of Humana, (3) in connection with which Humana used, or caused to be used, an artificial or prerecorded voice, (4) within the four years from the filing of this action through the date of class certification.

**ANSWER:**

Humana admits only that Plaintiff brings a putative class action and seeks to certify the putative class defined in Paragraph 37. Humana denies the remaining allegations in Paragraph 37 and expressly denies that there are any similarly situated Class members, that Plaintiff is an appropriate class representative or that class certification is appropriate.

**COMPLAINT ¶ 38:**

The Class likely exceeds 10,000 members.

**ANSWER:**

Humana denies the allegations in Paragraph 38.

**COMPLAINT ¶ 39:**

As a result, joinder is impracticable.

**ANSWER:**

Humana denies the allegations in Paragraph 39.

**COMPLAINT ¶ 40:**

On information and belief, last year Humana made more than one million calls that played a recorded message or audio file.

**ANSWER:**

Humana denies the allegations in Paragraph 40.

**COMPLAINT ¶ 41:**

Humana has records with annotations, notes, codes, or similar designation that indicate Humana called the wrong number or wrong person.

**ANSWER:**

Humana admits that it maintains records and notes with respect to calls it makes, which can include notes about a number being a wrong number. Humana denies the remaining allegations in Paragraph 41.

**COMPLAINT ¶ 42:**

In the last four years, Humana has made calls that played a recorded message or audio file to people who told Humana—whether before, during, or after the call—that it was calling the wrong person.

**ANSWER:**

Humana lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

**COMPLAINT ¶ 43:**

Questions of law and fact common to the class include whether Humana initiated the calls, whether the calls used a prerecorded or artificial voice, whether the calls were to cellular telephones, whether Humana had consent to initiate the calls, and whether the calls were made knowingly and willfully.

**ANSWER:**

Humana denies the allegations in Paragraph 43.

**COMPLAINT ¶ 44:**

Kousiry's claims are typical of the class because they arise out of the same conduct by Humana (prerecorded calls to non-account holders) and are based on the same legal theory under the TCPA (prerecorded calls without consent).

**ANSWER:**

Humana denies the allegations in Paragraph 44.

**COMPLAINT ¶ 45:**

Kousiry is an adequate representative because his interests do not conflict with the class, and he will fairly represent the interest of the class. Plaintiff's counsel also has no conflict and is experienced in TCPA class actions.

**ANSWER:**

Humana denies the allegations in Paragraph 45.

**COMPLAINT ¶ 46:**

The questions common to the class predominate over individualized questions.

**ANSWER:**

Humana denies the allegations in Paragraph 46.

**COMPLAINT ¶ 47:**

A class is superior to individual suits because it saves judicial resources, promotes consistency and efficiency, provides a forum for small claimants, and deters illegal activities. Class members prosecuting separate actions is unlikely because of the time and expense required. Damages are statutory and straightforward. Notice can be provided by mail or other means. There is no difficulty in managing this case as a class.

**ANSWER:**

Humana denies the allegations in Paragraph 47.

## FIRST CAUSE OF ACTION

**Violations of 47 U.S.C. § 227(b) & 47 C.F.R. 64.1200(a)**
**(On Behalf of Plaintiff and the Prerecorded Voice Class)**

**COMPLAINT ¶ 48:**

Humana violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating, or causing to be initiated, calls using a prerecorded or artificial voice without prior express consent and without an emergency purpose when calling Kousiry and members of the Prerecorded Voice Class.

**ANSWER:**

Paragraph 48 calls for a legal conclusion to which no response is required from Humana. To the extent any further response is required, Humana denies the allegations in Paragraph 48.

**COMPLAINT ¶ 49:**

Kousiry and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3)(B).

**ANSWER:**

Humana denies the allegations in Paragraph 49.

**COMPLAINT ¶ 50:**

Because Humana knowingly and willfully violated 47 C.F.R. 64.1200(a), the Court should treble the $500.00 per-call award to $1,500.00 in statutory damages for each violation pursuant to 47 U.S.C. § 227(b)(3)(B)-(C).

**ANSWER:**

Humana denies the allegations in Paragraph 49.

**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court grant Plaintiff and all class members the following relief against Humana.

A. Certification of the proposed class;
B. Appointment of Fares Kousiry as class representative;
C. Appointment of The HQ Firm, P.C. as lead counsel for the class;
D. An award of damages to Kousiry and class members, as allowed by law;
E. An award of fees, costs, and interest, as allowed by law; and
F. Orders granting such other relief as the Court deems necessary, just, and proper.

**ANSWER:**

Humana denies the allegations of Plaintiff's prayer for relief in subparagraphs A-F and expressly denies that Plaintiff is entitled to any relief whatsoever, including but not limited to statutory damages, injunctive relief, and/or class certification.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the Complaint so triable.

**ANSWER:**

This paragraph, which asserts no allegations, is a jury demand, to which no answer is required. To the extent a response is required, Humana denies that Plaintiff is entitled to trial by jury.

## AFFIRMATIVE DEFENSES

Humana denies any and all liability on the claims of Plaintiff and the putative class. Subject to, and without waiver of the denials contained in its answers above, Humana raises the following affirmative defenses to the claims alleged in Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE
**(Emergency Purpose)**

Plaintiff's claims, and the claims of the putative class, are barred because the phone calls at issue, to the extent they occurred, were made for an emergency purpose, pursuant to 47 U.S.C. § 227(b)(1)(A)-(B), and are, therefore, not in violation of the TCPA and do not subject Humana to liability under the TCPA.

### SECOND AFFIRMATIVE DEFENSE
**(Derivative Sovereign Immunity)**

Plaintiff's claims, and the claims of the putative class, are barred because the phone calls at issue, to the extent they occurred, were made pursuant to and in compliance with federal law, specifically regulations promulgated by or on behalf of the Centers for Medicare and Medicaid Services ("CMS"). Humana's actions in fulfilling CMS's mandates were authorized by the United States government, immunizing Humana from liability under the TCPA. *See, e.g.*, *Yearsley v. W.A. Ross Construction*, 309 U.S. 18 (1940).

**<u>THIRD AFFIRMATIVE DEFENSE</u>**
**(Prior Express Consent)**

Plaintiff's claims, and the claims of the putative class, are barred to the extent that plaintiff or the putative class provided express or implied consent within the meaning of the TCPA.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**
**(Due Process)**

Plaintiff's claims, and the claims of the putative class, are barred to the extent that they violate Humana's Due Process rights under the United States Constitution. Statutory penalties violate Due Process rights "where the penalty prescribed is so severe and oppressive as to by wholly disproportioned to the office and obviously unreasonable." *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919). *See also Golan v. Veritas Entm't, LLC*, No. 14-69, 2017 U.S. Dist. LEXIS 144501, at *4-11 (E.D. Mo. Sep. 7, 2017), *aff'd by* 930 F. 3d 950, 962 (8th Cir. 2019) (reducing statutory damages to comport with due process). The alleged violation at issue causes *de minimis* or no actual harm. Imposition of a $500.00 per call penalty, or a discretionary $1,500 per call penalty, is so severe and oppressive as to by wholly disproportional to the alleged offense and is obviously unreasonable.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**
**(Eighth Amendment)**

Plaintiff's claims, and the claims of the putative class, are barred to the extent that they violate the excessive fines clause of the Eighth Amendment of the United

States Constitution. The aggregated statutory damages, if any, are so disproportional to the alleged violation at issue, so as to be unconstitutionally excessive. *See U.S. v. Bajakajian*, 524 U.S. 321, 334 (1998); *Hudson v. U.S.*, 522 U.S. 93, 103 (1997) (recognizing that Eighth Amendment protections apply to excessive civil fines).

**SIXTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

Plaintiff's claims, and the claims of the putative class, are barred to the extent that Plaintiff has not suffered a concrete and particularized injury-in-fact as required by Article III of the United States Constitution. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

**SEVENTH AFFIRMATIVE DEFENSE**
**(Intervening or Superseding Cause)**

Plaintiff's claims, and the claims of the putative class, are barred in whole or part by intervening or superseding causes or the independent actions or omissions of others over whom Humana had no authority or control.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Lack of Willfulness)**

Humana has acted in good faith to comply with the law and has not willfully or knowingly violated any provision, subsection, or regulation under the TCPA, and therefore cannot be liable for treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

## NINTH AFFIRMATIVE DEFENSE
## (Good Faith)

Plaintiff's claims, and the claims of the putative class, are barred, in whole or in part, by Humana's good faith, and the absence of negligence, intentional or reckless conduct. To the extent that the TCPA applies to Humana's conduct—which Humana denies—Humana is not liable because it relied on good faith upon its contracts and a reasonable interpretation of the TCPA's statutory language.

## TENTH DEFENSE
## (Calls as a Result of Error)

Plaintiff's claims, and the claims of the putative class, are barred, in whole or in part, due to the occurrence of a technical error in the systems. Humana has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA.

## ELEVENTH DEFENSE
## (Internal Do-Not-Call Policies)

Plaintiff's claims, and the claims of the putative class, are barred, in whole or in part, because Humana has established and implemented, with due care, an internal Do-Not-Call list and platform in compliance with the TCPA and to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA.

**TWELFTH DEFENSE**
**(Unsuitable for Class Treatment)**

This case may not be maintained as a class action because Plaintiff has not and cannot establish the existence of each of the requirements under Federal Rule of Civil Procedure 23 and other relevant legal authority. If the Court certifies a class action in this case over Humana's objection, then Humana asserts the affirmative defenses set forth herein against each and every member of the class.

**RESERVATION OF DEFENSES**

Humana reserves the right to add additional defenses that become known during investigation and discovery.

Dated: October 29, 2025 Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Kevin M. Young*

Kevin M. Young
kyoung@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

By: /s/ *Besma Fakhri*

Kristine R. Argentine *(pro hac vice)*
kargentine@seyfarth.com
Besma Fakhri *(pro hac vice)*
bfakhri@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60613
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

***Attorneys for Defendant Humana Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2025, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

*/s/ Besma Fakhri*

Besma Fakhri